UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JESSICA L. WISER,

        Plaintiff,

-v-

CAROLYN W. COLVIN,
Acting Commissioner of Social Security

        Defendant.

Case No.  3:13-cv-421

Judge Thomas M. Rose
Chief Magistrate Judge Sharon L. Ovington

---

**ENTRY AND ORDER GRANTING IN PART AND OVERRULING IN PART THE COMMISSIONER'S OBJECTIONS (Doc. #14) TO THE CHIEF MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (Doc. #13); VACATING THE COMMISSIONER'S NON-DISABILITY FINDING; REMANDING THIS MATTER TO THE SOCIAL SECURITY ADMINISTRATION FOR FURTHER REVIEW AND TERMINATING THIS CASE**

---

Jessica L. Wiser ("Wiser") brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Defendant Commissioner of Social Security (the "Commissioner") that she is not disabled and, therefore, not entitled to Social Security benefits. On January 10, 2015, Chief United States Magistrate Judge Sharon L. Ovington entered a Report and Recommendation (doc. #13) recommending that the Commissioner's decision that Wiser was not disabled be vacated and that Wiser be awarded Supplemental Security Income benefits. The Commissioner subsequently objected and Wiser responded to the Commissioner's Objections. This matter is, therefore, ripe for decision.

Wiser sought financial assistance from the Social Security Administration by applying for Supplemental Security Income ("SSI") benefits on January 20, 2010. Wiser claimed that she had been disabled since September 30, 2006, due to Bipolar Disorder, Attention Deficit

Hyperactivity Disorder, Posttraumatic Stress Disorder and Oppositional Defiant Disorder.

The Commissioner denied Wiser's application. Administrative Law Judge ("ALJ") Mary F. Withum ("Withum") held a hearing following which she determined that Wiser was not disabled. The Appeals Council denied Wiser's request for review and ALJ Withum's decision became the Commissioner's final decision. Wiser then appealed to this Court pursuant to 42 U.S.C. §405(g).

As required by 28 U.S.C. §636(b) and Federal Rules of Civil Procedure Rule 72(b), the District Judge has made a de novo review of the record in this case. Based upon the reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (doc. #13) and in the Commissioner's Objections (doc. #14) and Wiser's Response (doc. #15), as well as upon a thorough de novo review of this Court's file and a thorough review of the applicable law, this Court vacates the Commissioner's decision that Wiser was not disabled in accordance with the Social Security Act.

This Court's function is to determine whether the record as a whole contains substantial evidence to support the ALJ's decision. *Bowen v. Commissioner of Social Security*, 478 F.3d 742, 745-46 (6th Cir. 2007). This Court must also determine whether the ALJ applied the correct legal criteria. *Id.*

Regarding the substantial evidence requirement, the ALJ's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citing *Consolidated Edison Company v. NLRB*, 305 U.S. 197, 229 (1938)); *Landsaw v. Secretary of Health and Human Services,* 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence is more than a mere

scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the ALJ/Commissioner if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988); *NLRB v. Columbian Enameling and Stamping Company*, 306 U.S. 292, 300 (1939).

The second judicial inquiry - reviewing the ALJ's legal criteria - may result in reversal even if the record contains substantial evidence supporting the ALJ's factual findings. *See Bowen*, 478 F. 3d at 746. A reversal based on the ALJ's legal criteria may occur, for example, when the ALJ has failed to follow the Commissioner's "own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746 (citing in part *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

In this case, the ALJ did not apply the correct legal criteria as determined by the Chief Magistrate Judge. As a result, the Commissioner's Objections to the Chief Magistrate Judge's Report and Recommendations are OVERRULED IN PART. The Court must next determine if an award of benefits is warranted.

Under Sentence Four of 42 U.S.C. § 405(g), the Court has the authority to affirm, modify or reverse the Commissioner's decision. *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). However, an order remanding for payment of benefits is only warranted "if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Secretary of Health & Human Services,* 17 F.3d 171, 176 (6th Cir. 1994).

In this case, all essential factual issues have not been resolved. While there is evidence in the record that Wiser may be disabled, there is also evidence that Wiser may not be disabled.

Examples of non-disability evidence include: the findings of a July 8, 2010 mental status exam which showed Wiser could perform simple, straight forward math tasks; a January 2011 Wechsler Adult Intelligence Scale VI (WAIS-IV) exam on which Wiser achieved a verbal IQ score of 96 and a full scale IQ score of 86 which indicates that Wister functions within the average to low-average range of intellectual functioning; a September 15, 2010 treatment note indicating that Wiser claimed her mood had somewhat improved since attending college classes and that she had befriended three (3) classmates; a July 8, 2010 consultative mental status report indicating that Wiser reported that she plays video games and writes stories; and medical evidence indicating that the medications taken by Wiser have been relatively effective in controlling her symptoms.

Therefore, since all of the factual issues have not been resolved, and it is not within this Court's authority to resolve them, this matter is returned to the Commissioner for further review consistent with this Opinion. Finally, the captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE and ORDERED** in Dayton, Ohio this Sixth Day of March, 2015.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATED DISTRICT JUDGE

Copies furnished to:  Counsel of Record